UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES ARTIS CASON,

        Petitioner,

v.

SCOTT FRAKES,

        Respondent.

Case No. C11-1835-RAJ-BAT

**REPORT AND RECOMMENDATION**

## I. INTRODUCTION AND SUMMARY CONCLUSION

Petitioner James Artis Cason petitions for 28 U.S.C. § 2254 habeas relief from his jury conviction on two counts of Violation of the Uniform Controlled Substance Act ("VUCSA")—delivery of cocaine.[1] *See* RCW § 69.50.401(1), (2)(a). Mr. Cason raises three grounds for relief: (1) the trial court violated his Sixth Amendment right to a jury venire representing a fair cross-section of the community because the venire was not drawn from King County as a whole; (2) the to-convict instructions for both counts violated his right to due process by omitting an essential element of the crime; and (3) ineffective assistance of counsel for failing to offer a

---

[1] Mr. Cason was scheduled to be released on January 17, 2012, (SCR, Exh. 19, at 1), and the online public record indicates that he is no longer incarcerated in the Washington Department of Corrections system. Mr. Cason did, however, file his petition while "in custody" for habeas purposes, and subsequent release generally does not moot a habeas petition that challenges a criminal conviction. *See Spencer v. Kemna*, 523 U.S. 1, 8 (1998) (citing *Sibron v. New York*, 392 U.S. 40, 55–56 (1968)); *Chaker v. Crogan*, 428 F.3d 1215, 1219 (9th Cir. 2005).

cautionary jury instruction regarding a confidential informant. (Dkt. 6, at 5–11.) The Court recommends **DENYING** the habeas petition and **DISMISSING** this matter with prejudice because **Claim 1** was not fairly presented to the state courts and is now procedurally defaulted, and because the state-court adjudication of **Claims 2 and 3** was not contrary to, or an unreasonable application of, established Supreme Court authority, and was not an unreasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C. § 2254(d)(1)–(2). An evidentiary hearing is unnecessary because the record refutes petitioner's claims. The Court recommends **DENYING** the issuance of a certificate of appealability.

## II. BACKGROUND

The Washington Court of Appeals described the facts underlying Mr. Cason's May 2008 jury-trial conviction as follows:

> On January 27, 2007, a confidential informant (the CI) and three King County Detectives participated in a controlled narcotics buy operation. The CI went to Cason's apartment to buy cocaine. The CI told Cason that she wanted $40 worth of crack cocaine. Cason said that he did not have it on him and left the apartment. A few minutes later, Cason returned and handed the CI four rocks of crack cocaine.
>
> On February 2, the Detectives and the CI went to Cason's apartment a second time to purchase cocaine. After the CI asked Cason for $40 worth of crack cocaine, he left and walked across the street to another apartment building. About five minutes later, Cason returned and gave the CI four rocks of crack cocaine. The CI paid Cason $40 for the four rocks of crack cocaine.
>
> The State charged Cason with two counts of VUCSA delivery of cocaine in violation of RCW 69.50.401(1) and (2)(a). As to Count I, the information alleged:
>
>> [T]he defendant JAMES ARTIS CASON in King County, Washington, on or about January 27, 2007, unlawfully and feloniously did deliver Cocaine, a controlled substance and a narcotic drug, to another, and did know it was a controlled substance; Contrary to RCW 69.50.401(1), (2)(a), and against the peace and dignity of the State of Washington.
>
> Except for the date of February 2, 2007, the allegations for Count II were

identical.

After jury selection, Cason made a motion for a mistrial. Cason argued that the jury venire violated his constitutional rights because it was not drawn from the entire County. The court denied the motion.

Three detectives and the CI testified at trial about the purchases of crack cocaine from Cason on January 27 and February 2. A Washington State Crime Laboratory forensic scientist testified that the substance Cason sold to the CI was cocaine.

The defense theory at trial was that the CI was not credible. Cason testified and denied that he sold cocaine to the CI. Cason said that the CI had crack cocaine with her when she came to his apartment on January 27 and February 2. Cason also said that the CI asked to use the bathroom and he let her use his pipe to smoke the cocaine that she had brought with her.

Cason did not object to the proposed jury instructions, including the "to convict" instructions. One of the instructions also states, "Cocaine is a controlled substance."

In closing, the prosecutor identified the substance that Cason delivered as cocaine. Cason's attorney did not dispute that the substance was cocaine. The attorney argued that there was some question about "the handing over of the cocaine."

The jury found Cason guilty of "VUCSA-Delivery of a Controlled Substance as charged in Count I and Count II." The judgment and sentence also reflects that Cason was found guilty by the jury of two counts of VUCSA delivery of cocaine in violation of RCW 69.50.401(1) and (2)(a). With an offender score of 8, the court imposed a low end concurrent sentence of 60 months plus one day.

*State v. Cason*, 2009 WL 2586639, at \*1–\*2 (Wash. Ct. App. Aug. 24, 2009).  On direct appeal, the state court of appeals affirmed the conviction on the two counts of VUCSA delivery of cocaine, addressing the arguments he presents on federal habeas review as **Claim 1** (jury venire) and **Claim 2** (to-convict instructions). *Id.* at \*2–\*4.  The Chief Justice of the Washington Supreme Court denied the petition for discretionary review on the sole issue raised by Mr. Cason, what he brings in his federal habeas petition as **Claim 2** (to-convict instructions).  (Dkt. 12 (State Court Record, hereinafter "SCR"), Exhs. 5, 6.)  The mandate on Mr. Cason's direct appeal issued on April 30, 2010.  (SCR, Exh. 7.)

In April 2010, Mr. Cason filed a state personal restraint petition ("PRP") that he later

REPORT AND RECOMMENDATION - 3

attempted to amend. (SCR, Exhs. 8, 10.) Within that PRP proceeding, Mr. Cason raised the argument he presents on federal habeas review as **Claim 3** (ineffective assistance of counsel regarding the CI's testimony). (SCR, Exh. 10, at 7.) In December 2010, the Acting Chief Judge of the Washington Court of Appeals dismissed the PRP, explicitly rejecting the ineffective-assistance claim on the merits. (SCR, Exh. 11, at 8–9.). The Washington Supreme Court Commissioner denied review and addressed the ineffective-assistance of counsel claim (SCR, Exh. 13, at 1–3), and the Chief Justice of the Washington Supreme Court later denied Mr. Cason's motion to modify the ruling. (SCR, Exh. 15.) The mandate on the PRP issued in August 2011. (SCR, Exh. 16.)

In November 2011, Mr. Cason petitioned for 28 U.S.C. § 2254 habeas relief. (Dkt. 1.) Respondent answered the petition (Dkt. 11) and Mr. Cason declined to file an optional response.

### III. DISCUSSION

Mr. Cason raises **three grounds** for federal habeas relief: **(1)** the trial court violated his Sixth Amendment right to a jury venire representing a fair cross-section of the community because the venire was not drawn from King County as a whole; **(2)** the to-convict instructions for both counts violated his right to due process by omitting an essential element of the crime (i.e., that the "controlled substance" was "cocaine"); and **(3)** ineffective assistance of counsel for failing to offer a cautionary jury instruction regarding a confidential informant. (Dkt. 6, at 5–11.) **Claim 1** was not fairly presented to the Washington Supreme Court and is now procedurally defaulted because it would be barred by the state statute of limitations and/or the state rule against successive PRPs. Mr. Cason fails to demonstrate that the state-court adjudication of **Claims 2 and 3** was contrary to, or an unreasonable application of, established federal law, or was an unreasonable determination of the facts in light of the evidence presented.

*See* 28 U.S.C. § 2254(d)(1)–(2).[2]

## A. Procedural Default of Claim 1: Jury Venire as Fair Cross-Section of Community

The Court need not consider petitioner's Claim 1 (jury venire) because it runs afoul of the doctrine of procedural default, which is related to, but distinct from, the doctrine of exhaustion:

> In habeas, the sanction for failing to exhaust properly (preclusion of review in federal court) is given the separate name of procedural default, although the habeas doctrines of exhaustion and procedural default "are similar in purpose and design and implicate similar concerns." In habeas, state-court remedies are described as having been "exhausted" when they are no longer available, regardless of the reason for their unavailability. Thus, if state-court remedies are no longer available because the prisoner failed to comply with the deadline for seeking state-court review or for taking an appeal, those remedies are technically exhausted, but exhaustion in this sense does not automatically entitle the habeas petitioner to litigate his or her claims in federal court. Instead, if the petitioner procedurally defaulted those claims, the prisoner generally is barred from asserting those claims in a federal habeas proceeding.

*Woodford v. Ngo*, 548 U.S. 81, 92–93 (2006) (citations omitted); *see Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002) ("[T]he procedural default rule barring consideration of a federal

---

[2] Under the "**contrary to**" clause of **§ 2254(d)(1)**, a federal habeas court may grant the writ only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362, 405 (2000). Under the "**unreasonable application**" clause of **§ 2254(d)(1)**, a federal habeas court may grant the writ only if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. *Id.* at 407-09. When the state court's application of governing federal law is challenged, its decision "must be shown to be not only erroneous, but objectively unreasonable." *Waddington v. Sarausad*, 555 U.S. 179, 190 (2009) (citation and quotation marks omitted); *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). "[S]tate court findings of fact are presumed correct unless rebutted by clear and convincing evidence." *See* 28 U.S.C. § 2254(e)(1); *Gonzalez v. Pliler*, 341 F.3d 897, 903 (9th Cir. 2003). The state appellate court's factual findings are entitled to the same presumption of correctness afforded to the trial court's findings. *Williams v. Rhoades*, 354 F.3d 1101, 1108 (9th Cir. 2004). It is an open question, however, whether state factual findings are presumed correct, in accordance with § 2254(e)(1), when examining the state-court's factual findings under § **2254(d)(2)**, such that it is prudent to examine such determinations under the more lenient reasonableness standard. *See Wood v. Allen*, __ U.S. __, 130 S. Ct. 841, 848–49 (2010). Although the term "unreasonable" is difficult to define, "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Id.* at 849.

REPORT AND RECOMMENDATION - 5

claim applies only when a state court has been presented with the federal claim, but declined to reach the issue for procedural reasons, or if it is clear that the state court would hold the claim procedurally barred.") (citations omitted and internal quotation marks removed). If a petitioner's federal claim is procedurally defaulted in the state courts, it is procedurally defaulted on federal habeas review unless he "can establish cause and prejudice or that a miscarriage of justice would result in the absence of our review." *Moran v. McDaniel*, 80 F.3d 1261, 1270 (9th Cir. 1996); *see Coleman v. Thompson*, 501 U.S. 722, 750 (1991). "Procedural default is an affirmative defense, and *the state has the burden* of showing that the default constitutes an adequate and independent ground for denying relief." *Scott v. Schriro*, 567 F.3d 573, 580 (9th Cir. 2009) (internal quotation marks removed) (quoting *Insyxiengmay v. Morgan*, 403 F.3d 657, 665 (9th Cir. 2005)).

Respondent has carried his burden of showing that Mr. Cason's Claim 1 is procedurally defaulted on habeas review because petitioner did not properly exhaust state remedies and cannot return to state court now because the issues would be procedurally barred by adequate and independent state-law grounds.

First, Mr. Cason did not fairly present Claim 1 because he omitted his jury-venire claim in his proceeding before the Washington Supreme Court on direct appeal and throughout his PRP proceeding. A petitioner must "fairly present" his claim in each appropriate state court, including the highest state court with powers of discretionary review, thereby giving those courts the opportunity to act on his claim. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995); *Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004) (noting that "to exhaust a habeas claim, a petitioner must properly raise it on every level of direct review"); *see also Castille v. Peoples*, 489 U.S. 346, 351 (1989) (holding that a claim is not

fairly presented if it is presented for the first and only time in a procedural context in which its merits would not be considered absent special exceptions).

Second, respondent has shown that Claim 1 has been subject to dismissal on purely procedural grounds as time-barred and/or as part of successive PRPs. *See Coleman*, 501 U.S. at 735 n.1 (noting that there is procedural default for federal habeas purposes regardless of the decision of the last state court to which a petitioner actually presented his claims "if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred"). Under Washington law, a defendant may not collaterally challenge a conviction more than one year after the conviction becomes final. RCW § 10.73.090(1). Mr. Cason's conviction became final for purposes of state law on **April 30, 2010**, the date that the Washington Court of Appeals issued its mandate for his direct appeal. RCW § 10.73.090(3); (SCR, Exh. 7). Because more than a year has passed since his conviction became final, Mr. Cason's claim is now time-barred. Moreover, Washington law also prohibits the filing of successive collateral challenges absent a showing of good cause. RCW 10.73.140; Wash. RAP 16.4(d).

Third, petitioner has failed to demonstrate either (1) cause for the default and actual prejudice, or (2) that failure to consider his claim will result in a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 750. Mr. Cason was represented by counsel throughout his direct appeal, counsel raised Claim 1 before the state court of appeals, and counsel abandoned Claim 1 in the petition for discretionary review before the state supreme court. Mr. Cason did not attempt to raise Claim 1 again in his *pro se* PRP. Such circumstances suggest neither cause and prejudice nor that a miscarriage of justice would result from declining to examine Mr.

Cason's procedurally defaulted Claim 1 in the context of a federal habeas petition. *See Schlup v. Delo*, 513 U.S. 298, 327 (1995) (holding that in order to demonstrate a miscarriage of justice, "the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence").

The Court finds that petitioner's Claim 1 is procedurally defaulted and he is barred from bringing this claim on federal habeas review.

**B.  Claim 2: To-Convict Jury Instructions as Violation of Due Process**

In Claim 2, Mr. Cason contends that his right to due process was violated because the to-convict instructions omitted an essential element of his crime, *viz*, the controlled substance at issue was cocaine.[3] The Court finds that it was objectively reasonable for the Washington Court of Appeals to reject Mr. Cason's alleged due-process violation because under the relevant statute the identity of the controlled substance could not have increased his sentence, the crime-of-conviction itself refers to a "controlled substance," and another instruction as well as the

---

[3] The to-convict instruction for the first count, Jury Instruction 14, was as follows:
> To convict the defendant of the crime of delivery of a controlled substance, as charged in Count I, each of the following elements of the crime must be proved beyond a reasonable doubt:
> (1) That on or about January 27, 2007, the defendant delivered a controlled substance;
> (2) That the defendant knew that the substance delivered was a controlled substance; and
> (3) That the acts occurred in the State of Washington.
> If you find from the evidence that each of these elements has been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty as to Count I.
> On the other hand, if, after weighing all the evidence, you have a reasonable doubt as to any one of these elements, then it will be your duty to return a verdict of not guilty as to Count I.

(SCR, Exh. 17); *see Cason*, 2009 WL 2586639, at *2 n.1. The to-convict instruction for the second count, Jury Instruction 15, was identical except as to the date. (SCR, Exh. 17.)

evidence made clear that the only substance at issue was cocaine.[4]

Habeas relief is warranted on the basis of a flawed jury instruction if the flaw amounted to constitutional error and caused prejudice. *See Calderon v. Coleman*, 525 U.S. 141, 145–47 (1988). The omission of an element of an offense—which is what Mr. Cason alleges here—is subject to harmless-error review. *Neder v. United States*, 527 U.S. 1 (1999). A jury instruction violates due process if it fails to give effect to the requirement that the State prove every element of the offense. *See Middleton v. McNeil*, 541 U.S. 433, 437 (2004); *Patterson v. New York*, 432 U.S. 197, 210 (1977). An "ambiguity, inconsistency, or deficiency" in the instruction is not enough to demonstrate a due-process violation. *Middleton*, 541 U.S. at 437. The defendant must show both that the instruction was ambiguous and that there was "a reasonable likelihood" that the jury applied the instruction in a way that relieved the State of its burden of proving every element of the crime beyond a reasonable doubt. *Waddington v. Sarausad*, 555 U.S. 179, 190–91 (2009) (quotation marks omitted). The pivotal question is "whether the ailing instruction . . . so infected the entire trial that the resulting conviction violates due process." *Estelle v. McGuire*, 502 U.S. 62, 72 (1991) (quoting *Cupp v. Naughten*, 414 U.S. 141, 147 (1973)). A single jury instruction is not evaluated in artificial isolation; rather, it is viewed in the context of the overall charge. *Middleton*, 541 U.S. at 437. "If the charge as a whole is ambiguous, the question is whether there is a reasonable likelihood that the jury has applied the challenged instruction in a way that violates the Constitution." *Id.* (internal quotation marks omitted). "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."

---

[4] When applying AEDPA, the federal court reviews the "last reasoned decision" by a state court. *See Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004). On Claim 2, the last reasoned decision was the state appellate court's on direct appeal.

REPORT AND RECOMMENDATION - 9

*Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). Moreover, the facts necessary to increase a sentence are "the functional equivalent of an element" of the charged offense. *Ring v. Arizona*, 536 U.S. 584, 609 (2002) (quoting *Apprendi*).

The Washington Court of Appeals reviewed Mr. Cason's claim primarily in light of *Apprendi* and the state case-law requirement—more stringent than the federal constitutional one—that a to-convict instruction must contain every element of the crime charged without reliance on other instructions to supply a missing element. *See Cason*, 2009 WL 2586639, at *2 (citing *State v. DeRyke*, 73 P.3d 1000 (Wash. 2003)). The state appellate court then distinguished between *State v. Goodman*, 83 P.3d 410 (Wash. 2004), in which the state supreme court held that the identity of the controlled substance *was* an essential element of the charge because the statute imposed a greater or lesser sentence depending upon the identity of the substance; and *State v. Williams*, 170 P.3d 30 (Wash. 2007), in which the state supreme court held that the identity of the controlled substance *was not* an essential element because the revised statute imposed the same maximum sentence regardless of the identity of the substance. *Cason*, 2009 WL 2586639, at *2–*3. Because, as in *Williams*, Mr. Cason could only be subject to a penalty of ten years if convicted as charged under RCW 69.60.401(1) and (2)(a), the Washington Court of Appeals held that the identity of the controlled substance was not an essential element of the crime that had to be set forth in the "to convict" jury instructions and proved beyond a reasonable doubt. *Id.* at *3.

The Court finds that the state appellate court's adjudication of Claim 2 was not contrary to, or an unreasonable application of, established Supreme Court authority, and was not an unreasonable determination of the facts in light of the evidence presented. Jury Instructions 14 and 15—the to-convict instructions—included the essential elements that the defendant delivered

a controlled substance and that the defendant knew that the substance delivered was a controlled substance. (SCR, Exh. 17.) Jury Instruction 10 defined delivery and Jury Instruction 11 defined cocaine as a controlled substance. (*Id.*) The trial evidence showed that the only controlled substance at issue was crack cocaine. Even were the Court to find the to-convict instructions to be constitutionally infirm, any resulting error was harmless: if cocaine had been specifically identified in the to-convict instructions, substantial evidence of Mr. Cason's guilt remained and he would have been subject to the same maximum sentence.

**C. Claim 3: Ineffective Assistance of Counsel Related to CI Testimony**

In Claim 3, Mr. Cason contends that defense counsel provided ineffective assistance by failing to request a cautionary instruction to address the uncorroborated testimony of a paid police operative/confidential informant/accomplice. (Dkt. 6, at 9.) Mr. Cason has failed, however, to demonstrate that the state court's rejection of his ineffective-assistance claim was objectively unreasonable.

In *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984), the Supreme Court set forth the standard for evaluating a claimed violation of the Sixth Amendment right, made applicable to the states through the Fourteenth Amendment, to effective assistance of counsel. Mr. Cason thus has the burden of showing both that counsel's performance was deficient, and that the deficient performance prejudiced the result. *Strickland* 466 U.S. at 687–88. The reviewing court need not address both components of the inquiry if an insufficient showing is made on one component. *Id.* at 697. "Judicial scrutiny of counsel's performance must be highly deferential" because "it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Id.* at 689. The reviewing court need not address both components of the inquiry if an insufficient showing is

made on one component. *Strickland*, 466 U.S. at 697. Furthermore, if both components are to be considered, there is no prescribed order in which to address them. *Id.* "Judicial scrutiny of counsel's performance must be highly deferential" because "it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Id.* at 689. When, as here, a habeas petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court must be "doubly deferential" to the state court's application of the *Strickland* standard. *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).[5]

The last reasoned decision on Claim 3 was made by the Washington Supreme Court Commissioner in denying review of Mr. Cason's PRP. (SCR, Exh. 13, at 1–3.) The Commissioner found neither deficient performance by counsel nor resulting prejudice. First, the Commissioner rejected Mr. Cason's claim that counsel performed deficiently by not requesting a pattern jury instruction involving accomplices because the CI clearly did not qualify as an accomplice. (*Id.* at 1–2.) Next, the Commissioner rejected deficient performance because Mr. Cason could cite no relevant United States Supreme Court authority that held that trial courts are constitutionally required to issue cautionary instructions about paid, police informants. (*Id.* at 2–3.) Moreover, the Commissioner noted that Mr. Cason had failed to demonstrate that there were insufficient safeguards to ensure the CI's veracity. (*Id.* at 3.) The Commissioner found that Mr. Cason had failed to demonstrate prejudice because the credibility of the CI was

---

[5] There are two reasons for this "doubly deferential" standard of review. *Cheney v. Washington*, 614 F.3d 987, 995 (9th Cir. 2010). First, both AEDPA and *Strickland*'s deferential standards apply. *Id.*; *see Yarborough v. Gentry*, 540 U.S. 1, 6 (2003) (per curiam). Second, *Strickland* provides courts with a general standard, rather than a specific rule, and thus the state courts are afforded more latitude in reaching reasonable outcomes in case-by-case determinations. *Cheney*, 614 F.3d at 995; *see Knowles*, 556 U.S. at 123. In turn, there is a narrower range of decisions that are objectively unreasonable under AEDPA. *Cheney*, 614 F.3d at 995; *see Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004).

thoroughly explored at trial and the jury had been provided the standard jury instruction regarding how to weigh the credibility of witnesses. (*Id.*)

The Court finds that Mr. Cason has failed to demonstrate both deficient performance by counsel and resulting prejudice. The Court therefore finds that the state-court adjudication of Claim 3 was not contrary to, or an unreasonable application of, established federal law, and was not an unreasonable determination of the facts in light of the evidence presented.

**D. Evidentiary Hearing**

Although state prisoners may sometimes submit new evidence in federal court, "AEDPA's statutory scheme is designed to strongly discourage them from doing so." *Cullen v. Pinholster*, __ U.S. __, 131 S. Ct. 1388, 1401 (2011). Thus, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Id.* at 1398. Moreover, "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).

The Court finds that an evidentiary hearing is unnecessary here. First, petitioner's habeas claims either were fully adjudicated by the state courts or are procedurally defaulted. 28 U.S.C. § 2254(d)(1). Second, the record refutes his habeas claims and does not suggest the state courts unreasonably determined the facts in light of the evidence presented. 28 U.S.C. § 2254(d)(2).

**E. Certificate of Appealability**

If the district court adopts the Report and Recommendation, it must determine whether a certificate of appealability ("COA") should issue. Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). A COA may be issued only

where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

The Court recommends that Mr. Cason not be issued a COA. No jurist of reason could disagree with this Court's evaluation of his habeas claims or would conclude that the issues presented deserve encouragement to proceed further. Mr. Cason should address whether a COA should issue in his written objections, if any, to this Report and Recommendation.

### IV. CONCLUSION

The Court recommends **DENYING** the habeas petition and **DISMISSING** this matter with prejudice because **Claim 1** was not fairly presented to the state courts and is now procedurally defaulted, and because the state-court adjudication of **Claims 2 and 3** was not contrary to, or an unreasonable application of, established Supreme Court authority, and was not an unreasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C. § 2254(d)(1)–(2). An evidentiary hearing is unnecessary because the record refutes petitioner's claims. The Court recommends **DENYING** the issuance of a certificate of appealability. A proposed order is attached.

Any objections to this Recommendation must be filed and served upon all parties no later than **April 30, 2012.** If no objections are filed, the matter will be ready for the Court's consideration on **May 4, 2012**. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. Objections and responses

shall not exceed twelve pages. The failure to timely object may affect your right to appeal.

DATED this 9th day of April, 2012.

/s/ Brian A. Tsuchida<br>
BRIAN A. TSUCHIDA<br>
United States Magistrate Judge

REPORT AND RECOMMENDATION - 15